**CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
T. Barry Kingham
Jerrold L. Bregman
Gabriel Hertzberg

*Attorneys for Steven J. Reisman as
Postconfirmation Representative of the
Chapter 11 Estates of 360networks (USA) inc.,* et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| MARC S. DREIER, | : | Case No. 09-10371 (SMB) |
| | : | |
| Debtor, | : | |

------------------------------------------------------------------x

| | | |
|---|---|---|
| STEVEN J. REISMAN, AS POSTCONFIRMATION | : | |
| REPRESENTATIVE OF THE CHAPTER 11 | : | Adversary No. 09-____ (SMB) |
| ESTATES OF 360NETWORKS (USA) INC., et al., | : | |
| | : | |
| Plaintiff, | : | **COMPLAINT** |
| | : | |
| - against – | : | |
| | : | |
| MARC S. DREIER, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------------x

Steven J. Reisman, as Postconfirmation Representative of the debtors' estates in the chapter 11 cases (the "360 Cases") of 360networks (USA) inc. and affiliated debtors (collectively, the "360 Debtors") pending in the United States Bankruptcy Court for the Southern District of New York, Case No. 01-13721 (ALG), by and through his undersigned counsel, Curtis, Mallet-Prevost Colt & Mosle LLP, alleges as follows:

1. Mr. Reisman (the "Representative") was appointed in the 360 Cases on December 23, 2008 by the Honorable Allan L. Gropper, United States Bankruptcy Judge for the Southern District of New York, to represent the Debtors' Estates (the "360 Estates") in connection with the defendant's theft of funds ostensibly held in trust by Dreier LLP as counsel to the Official Committee of Unsecured Creditors of the 360 Debtors (the "360 Committee").

2. Dreier LLP was retained by the 360 Committee in the 360 Cases to prosecute certain preference actions (the "360 Committee Claims") on behalf of the 360 Estates as authorized in the 360 confirmed Chapter 11 Plan of Reorganization (the "360 Plan"). Under the 360 Plan, the proceeds of the 360 Committee Claims (the "Preference Recoveries") were to be safeguarded in a segregated escrow or trust account (the "Preference Account") until distribution in accordance with the 360 Plan. At all relevant times, the Preference Account was under the ostensible control of Dreier LLP, in its capacity as counsel for the 360 Committee.

3. At all relevant times, defendant was the sole equity holder of Dreier LLP and the sole signatory on all bank accounts maintained by Dreier LLP, including the Preference Account. As set forth below, commencing in October 2007 and continuing through November 2008, defendant misappropriated funds of the 360 Committee in the net amount of $38,596,355 (the "Stolen Escrow Funds"). In addition, defendant authorized certain disbursements of Preference Recoveries from the Preference Account, including $9,276,165 for the payment of Dreier LLP's fees and expenses ostensibly chargeable to the 360 Committee (the "Disputed Fees"), to which, by virtue of defendant's theft of the Stolen Escrow Funds, Dreier LLP was not entitled, and for which defendant is liable.

6778840

## Parties

4.  Pursuant to Orders dated December 17 and 23, 2008, Judge Gropper directed the Representative to investigate the disappearance of the Stolen Escrow Funds and to pursue claims relating to those funds.

5.  On January 26, 2009 (the "Petition Date"), the Representative, together with two other creditors of defendant, commenced this chapter 7 case by filing an involuntary petition for relief against defendant with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which thereby commenced the above-captioned bankruptcy case (the "Debtor's Case"). The Bankruptcy Court entered the order of relief on February 27, 2009.

6.  The Representative maintains a business address at the law offices of Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178.

7.  Defendant, who appears in this chapter 7 case *pro se*, is incarcerated and in the custody of the United States Bureau of Prisons following his plea of guilty on May 11, 2009 to a superseding indictment returned against him in the United States District Court for the Southern District of New York, Case no. 09-CR-85 (JSR). Following his guilty plea, as described below, defendant was sentenced to imprisonment for a term of 20 years. Upon information and belief, defendant's expected release date is in October 2026.

8.  Dreier LLP is a registered limited liability partnership organized under the laws of, and headquartered in, New York. On December 16, 2008, Dreier LLP, through its court-appointed receiver, filed in the United States Bankruptcy Court for the Southern District of New York a voluntary petition for relief under chapter 11 of title 11, United States Code. That matter is captioned In re Dreier LLP, Bankr. S.D.N.Y. Case No. 08-15051 (SMB).

**Jurisdiction and Venue**

9. This Court has jurisdiction to adjudicate this adversary proceeding pursuant to 11 U.S.C. §§ 523(a) and (c) and 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(a) and (b)(2)(I).

10. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

**Background**

11. The 360 Debtors filed the 360 Cases in the Bankruptcy Court in June 2001. Following the confirmation of the 360 Plan on October 1, 2002, certain of the 360 Debtors emerged as reorganized companies. Chapter 11 cases for certain of the 360 Debtors remain open and are pending and jointly administered under Case No.: 01-13721 (ALG).

12. Pursuant to Section 4.3 of the 360 Plan, the 360 Committee was empowered to prosecute the 360 Committee Claims – *i.e.*, certain preference claims belonging to the 360 Estates pursuant to Sections 547 and 548 of title 11, United States Code.

13. From in or about July 2003, the 360 Committee was represented in its pursuit of the 360 Committee Claims by Dreier LLP, the law firm of which defendant was the sole shareholder and controlling partner. Defendant was at all relevant times a fiduciary to the 360 Estates.

14. As of December 1, 2008, the 360 Committee had recovered proceeds of the 360 Committee Claims in the aggregate amount of approximately $74 million, approximately $65 million of which was to have been held by Dreier LLP in a segregated escrow account for the benefit of the 360 Estates and disbursed in accordance with the 360 Plan.

15. During the period from October 2007 to April 2008, the defendant stole and converted to his own use approximately $54 million of the Preference Recoveries which had been entrusted to Dreier LLP. In September and November 2008, defendant replaced a total of

$16.4 million of the Preference Recoveries with funds misappropriated from other sources, so that the 360 Committee could make distributions to the reorganized 360 Debtors, ostensibly pursuant to the 360 Plan.

16. During the period from October 2003 through November 2008, defendant authorized certain disbursements of Preference Proceeds from the Preference Account, including $9,276,165 for the Disputed Fees.

17. As of December 1, 2008, the Preference Account should have had a net balance of $38,596,355 available for distribution pursuant to the 360 Plan. In fact, as defendant would later admit, defendant had misappropriated the Preference Recoveries months earlier.

18. On December 2, 2008, defendant was arrested in Canada in connection with wire, mail and securities fraud, for which an eight-count superseding indictment was subsequently returned against him in the United States District Court for the Southern District of New York (the "Indictment"). On December 3, 2008, Dreier LLP informed the reorganized 360 Debtors and other parties in interest that Dreier LLP was unable to effect the transfer of the remaining Preference Recoveries because the funds were unavailable.

19. The Indictment, entered on March 17, 2009 (attached as "**Exhibit A**"), charged defendant with a fraudulent scheme which included the theft of client funds from Dreier LLP escrow accounts. (Id. ¶ 16).

20. On May 11, 2009, defendant entered pleas of guilty to all eight counts of the Indictment (see "**Exhibit B**," Tr. at 24). On July 15, 2009, United States District Judge Jed S. Rakoff sentenced defendant to 20 years in prison (see "**Exhibit C**").

21. By virtue of defendant's defalcation and fraud, the 360 Estates sustained losses of $47,872,519, comprised of the sum of the Stolen Escrow Funds and the Disputed Fees.

## COUNT I

### (NONDISCHARGEABLE DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A))

22. The Representative repeats and re-alleges each and every allegation set forth in the preceding paragraphs.

23. Defendant made false representations that he was safeguarding the Preference Recoveries for the 360 Committee.

24. Through his false representations, defendant misappropriated the Stolen Escrow Funds.

25. Defendant fraudulently caused the distribution of the Disputed Fees for his own benefit.

26. For the reasons set forth above, defendant's debt to the 360 Estates is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## COUNT II

### (NONDISCHARGEABLE DEBT PURSUANT TO 11 U.S.C. § 523(a)(4))

27. The Representative repeats and re-alleges each and every allegation set forth in the preceding paragraphs.

28. Defendant was at all relevant times a fiduciary to the 360 Estates.

29. Defendant misappropriated the Stolen Escrow Funds.

30. Defendant fraudulently caused the distribution of the Disputed Fees for his own benefit.

31. For the reasons set forth above, defendant's debt to the 360 Estates is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

6778840

## **Prayer for Relief**

WHEREFORE, the Representative respectfully requests that the Court enter an order:

A. In respect of the Representative's first cause of action under 11 U.S.C. § 523(a)(2)(A), entering a nondischargeable judgment in favor of the Representative and against defendant in an amount not less than $47,872,519, plus interest;

B. In respect of the Representative's second cause of action under 11 U.S.C. § 523(a)(4), entering a nondischargeable judgment in favor of the Representative and against defendant in an amount not less than $47,872,519, plus interest;

C. Awarding to the Representative his costs and attorney's fees; and

D. Granting such other and further relief as the Court deems necessary and appropriate.

Dated: November 30, 2009
New York, New York

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By: */s/ Jerrold L. Bregman*
T. Barry Kingham
Jerrold L. Bregman
Gabriel Hertzberg
101 Park Avenue
New York, New York 10178
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Attorneys for Steven J. Reisman as Postconfirmation Representative of the Chapter 11 Estates of 360networks (USA) inc.,* et al.